## The Pomona.[1]

### The Jose E. More.

### Carlisle et al. v. The Pomona.

### Kerr v. The Jose E. More.

*(District Court, E. D. New York.    April 6, 1888.)*

COLLISION—BETWEEN STEAM AND SAIL—MISTAKE OF WHEELSMAN.
As a barkentine and a steamer were approaching, and before they were so near as to require or justify a change of course on the part of the sailing vessel, the master of the latter ordered the wheel starboarded, which would have carried her further from the course of the steamer.    By a mistake of the wheelsman the helm was ported, and the barkentine thus thrown in the course of the steamer.    *Held*, that the sailing vessel was alone responsible for the collision.

In Admiralty.
The collision in this case happened on the night of December 6, 1885, in the Atlantic ocean, in the neighborhood of Barnegat.    The barkentine, bound from Matanzas to New York, was on a N. E. by N. course, and the steam-ship, from New York to Jamaica, was moving slowly S. W. by W. ½ W.    The steam-ship alleged that she first saw both lights of the barkentine, and thereafter the green light disappeared, and the collision followed shortly after; the steamer striking the sailing vessel on her port bow.    Cross-libels were filed for the damage.
*Owen & Gray*, for the barkentine.
*Wing, Shoudy & Putnam*, for the steam-ship.

BENEDICT, J.    I think it plain that the cause of the collision in question in these two cases was a change of course by the sailing vessel when near the approaching steamer.    The evidence proves that, as the

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

vessels approached each other, the master of the sailing vessel ordered his wheelsman to starboard the wheel, and that, instead of starboarding, the wheelsman ported. At that time the vessel was going from seven to eight knots an hour. She was a quick-steering vessel, and at that speed would answer very quickly. The result of the wheelsman's mistake was that the sailing vessel was thrown in the course of the steamer when it was too late to avoid her. This porting of the helm on the part of the sailing vessel was not caused by the action of the steamer, but by a mistake by the wheelsman as to the order given by the master. This is not, therefore, the case of a collision resulting from a wrong order given to the wheelsman, under the excitement produced by the fault of a steamer in approaching so near as to justify alarm. Here was a case of disobedience of an order given by the master of the sailing vessel. The disobedience, it is true, arose out of a misunderstanding of the order by the wheelsman, but still it was neglect to obey the order given, and a collision so caused must be held to have been caused by the fault of the sailing vessel in changing her course. Moreover, the testimony seems to show that the giving of the order to starboard was a fault on the part of the master, for, according to the testimony of the master as well as that of the wheelsman of the barkentine, when the order was given, the steamer was not so near as to require or justify a change of course on the part of the sailing vessel. It may be that the order given cannot be held to have caused the collision, because the order, if obeyed, would have carried the sailing vessel further away from the course of the steamer. But the order gave opportunity for the mistake that arose, and in that way remotely contributed to the disaster, of which the immediate cause was porting on the part of the sailing vessel, when it was her duty to hold her course. The libel of Carlisle and others against the Pomona must therefore be dismissed with costs, and in the case of *Kerr* v. *The Jose E. More* the libelant must recover his damages, and with costs.